195E76 LLC v 197 E. 76th St., LLC (2023 NY Slip Op 00940)

195E76 LLC v 197 E. 76th St., LLC

2023 NY Slip Op 00940

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Kapnick, J.P., Oing, Kennedy, Pitt-Burke, JJ. 

Index No. 152131/21 Appeal No. 17376 Case No. 2022-02120 

[*1]195E76 LLC, Plaintiff-Respondent,
v
197 East 76th Street, LLC, Defendant-Appellant.

L'Abbate, Balkan, Colavita & Contini, L.L.P., Melville (Keith J. Stevens of counsel), for appellant.
Law Offices of Yuliya Vangorodska, P.C., Brooklyn (Simon Kabzan of counsel), for respondent.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about April 11, 2022, which denied defendant's motion for summary judgment dismissing plaintiff's cause of action for trespass and on its counterclaim for a judgment declaring that it has obtained adverse possession of the disputed property, and to cancel the amended notice of pendency, unanimously affirmed, without costs.
Plaintiff and defendant own abutting property located in Manhattan. Defendant acquired title to its property on September 22, 2008. Plaintiff obtained ownership of its property in November 2012, at which point the parties were unaware of an encroachment. In July 2013, plaintiff commissioned an architectural survey, which showed the fifth floor of defendant's building encroached on plaintiff's property by approximately one foot in width along the 25.8 feet of adjoining lot lines. In June 2014, plaintiff's owners commenced an action seeking ejectment and recovery of damages for trespass. Defendant asserted a counterclaim for declaratory judgment that defendant had acquired title to the disputed area by adverse possession. The first action was ultimately dismissed in July 2019 by the Supreme Court pursuant to NYCRR 202.27 as the parties failed to appear for a status conference.
In March 2021, plaintiff commenced the instant action repleading its causes of action for ejectment and trespass while seeking the same relief initially sought. Defendant moved for summary judgment on the grounds of adverse possession of the disputed area. Supreme Court denied the majority of defendant's claim, except to the extent of severing and dismissing the ejectment claim. Defendant appeals.
As a party seeking title by adverse possession, defendant is required to demonstrate, by clear and convincing evidence, that it possessed the disputed property in a matter that was adverse, under claim or right, actual, open, notorious, exclusive, and continuous for a period of 10 years (see RPAPL 501; Ray v Beacon Hudson Mtn. Corp., 88 NY2d 154, 159 [1996]). Moreover, pursuant to RPAPL 522, defendant must also demonstrate that there have been "acts sufficiently open to put a reasonably diligent owner on notice" or that the disputed property was "protected by a substantial enclosure" (see Houdek Real Estate Co., LLC v Bayport Postal Realty, LLC, 180 AD3d 761, 762 [2d Dept 2020]). Here, there are triable issues of fact as to whether the encroachment of defendant's property onto that of plaintiff's met these elements for a 10-year period prior to the commencement of this action.
The factual issues precluding a determination as to whether defendant has acquired the disputed property by adverse possession also preclude granting defendant summary judgment dismissing plaintiff's claim for trespass. In light of the foregoing, there is no basis to cancel the notice of pendency.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED[*2]: February 21, 2023